**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

UNIR, LLC, a Florida limited liability
company, and MARCONI
INTERNATIONAL UNIVERSITY, INC.,   Case No.: 1:20-cv-22508-JEM
a Florida corporation,

        Plaintiffs,

v.

LAURA RICCI, a foreign national,
MIA GLOBAL BUSINESS SCHOOL,
S.L. d/b/a MIA DIGITAL UNIVERSITY,
a foreign entity, and RENATO
BEVILACQUA, a foreign national,

        Defendants

---

**PLAINTIFFS' CORRECTED[1] *EX PARTE* MOTION FOR AN ORDER AUTHORIZING SERVICE OF PROCESS VIA E-MAIL ON DEFENDANTS PURSUANT TO FEDERAL RULE OF PROCEDURE 4(f)(3) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 4(f)(3), move for entry of an order authorizing service of process via e-mail on foreign defendants, Laura Ricci ("Ricci"), Renato Bevilacqua ("Bevilacqua"), and MIA Global Business School, S.L. d/b/a MIA Digital University ("MIA"), and in support thereof state:

**INTRODUCTION**

All three of the Defendants are located abroad in Spain and Italy. Although Plaintiffs have attempted to serve Defendant Ricci via international courier and through her Miami-based counsel, all efforts have proven fruitless. Moreover, Plaintiffs do not even possess an address for Defendant

---

[1] Plaintiffs' only correction to the original Motion (ECF No. 10) is the attachment of a proposed order. *See* (ECF No. 11).

Bevilacqua, who is also the President and Chief Executive Officer of Defendant MIA. Nevertheless, Ricci and Bevilacqua have used particular email addresses to communicate with one of the Plaintiffs. Under such circumstances, courts have long found that service of process via email is appropriate and reasonably calculated to provide the due process required. Such service would also not violate any international agreement. Accordingly, this Court should grant leave for Plaintiffs to effect service of process on Defendants via email under Federal Rule of Civil Procedure 4(f)(3).

## STATEMENT OF FACTS

1. Defendant MIA is a Spanish limited liability company located outside this jurisdiction in Barcelona, Spain. *See* website at https://www.miauniversity.es/en/.

2. Defendant Ricci is a foreign citizen residing in Italy. (ECF No. 1 at ¶ 6); *see also* (ECF No. 1-1 at § 4.2) (listing Ricci's address in Rome, Italy); (ECF No. 1-2 at § 5.5) (same).

3. Defendant Bevilacqua is a foreign citizen residing in Spain with an unknown personal address. (ECF No. 1 at ¶ 8).

4. Bevilacqua is Defendant MIA's President and Chief Executive Officer. *See* printout of Bevilacqua's LinkedIn professional profile, attached as Exhibit "A".

5. Plaintiff Marconi and Ricci have exchanged email communications whereby Ricci has communicated from the following email: laura.ricci2303@gmail.com. Decl. of Laura Arrufat Farell, attached as Exhibit "B", at ¶¶ 4-8.

6. Plaintiff Marconi and Bevilacqua have exchanged email communications whereby Bevilacqua has communicated from the following email: italiaequa@gmail.com. *Id*. at ¶¶ 4, 5, 8. By way of reference, Bevilacqua lists himself as the Associate Founder of the entity "Italiaequa" on his LinkedIn professional profile. *See* Ex. A.

7. None of the emails Marconi sent to Ricci and Bevilacqua have ever been returned

as undeliverable.  *Id*. at ¶ 10.

8. In a Consultancy Agreement that Ricci entered into with Proeduca Altus, S.A., an entity related to Plaintiffs, Ricci agreed to receive notice via email.  *Id*. at ¶ 11.

9. In a Consultancy Agreement that Bevilacqua entered into with Proeduca Altus, S.A, Bevilacqua also agreed to receive notice via email.  *Id*. at ¶ 12.

10. On June 18, 2020, Plaintiffs' counsel asked Lauren Luck, Miami-based counsel for Defendant Ricci, whether she would accept service of process on Ricci's behalf.  Email exchange between F. Sanchez and L. Luck, attached as Exhibit "C'.

11. The next day, Ms. Luck stated that she was not authorized to accept service on Ricci's behalf.  *Id.*

12. Thus, on June 19, 2020, Plaintiffs attempted to serve Defendant Ricci with process through Federal Express International Priority mail at her last known address in Rome, Italy.  *See* Ricci service attempt documents, attached as Composite Exhibit "D".

13. On June 22, 2020, Plaintiffs received a tracking update from Federal Express, which notified Plaintiffs that the package was undeliverable upon Ricci due to the address being incorrect.  *Id.*

14. Spain is a signatory of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T 361, 658 U.N.T.S. 163 ("Hague Service Convention").

15. Spain does not object to Article 10 of the Hague Service Convention.  *See* Table Reflecting Applicability of Article 10 of the Hague Convention, attached as Exhibit "E".

16. Italy is a signatory of the Hague Service Convention.

17. Italy does not object to Article 10 of the Hague Service Convention.  *Id.*

**MEMORANDUM OF LAW**

I.       **The Legal Standard for Alternative Service under Rule 4(f)(3)**

"Federal Rule of Civil Procedure Rule 4(f) provides three methods for serving an individual in a foreign country [such as Ricci and Bevilacqua]: (1) by internationally agreed means, such as those authorized by the Hague Convention; (2) by a method that is reasonably calculated to give notice; or (3) by other means committed to a court's discretion that are not prohibited by international agreement." *Northstar Moving Holding Company, Inc. v. Northstar Movers*, No. 0:19-cv-62176, 2019 WL 9093463, at *1 (S.D. Fla. December 17, 2019). Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing.' . . . The invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Brookshire Bros, Ltd. v. Chiquita Brands Intern., Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (quoting *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *see also Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.*, No. 17-21815, 2017 WL 7796153, at *1 (S.D. Fla. Sept. 21, 2017) ("Despite coming last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive 'or,' are meant to be read as a hierarchy.").

Under Rule 4(h), a foreign corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h). Thus, Plaintiffs may serve Defendant MIA under Rule 4(f)(3) just as they would an individual – that is, "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3).

The decision to "issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1

(S.D. Fla. April 16, 2009) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003)) (holding that a "district court 'may' direct alternate means of service of process [under Rule 4(f)(3)].")). Rule 4(f)(3) merely "requires that service be (1) directed by the court; and (2) not prohibited by international agreement." *adidas AG v. Individuals, Partnerships and Unincorporated Assns.*, No. 19-cv-61264-UU, 2019 WL 7841807, *1 (S.D. Fla. May 23, 2019); *see also Stat. Med. Dev., Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, *2 (S.D. Fla. Sept. 14, 2015) (same). "The Court can order alternative methods of service under Rule 4(f)(3) as long as such methods comport with due process." *adidas AG*, 2019 WL 7841807 at *1. Given the posture of the case in such instances, courts often grant such motions *ex parte*. *See, e.g., id.*; *Cartier Int'l A.G. v. Beniashvili*, No. 18-60060-CIV-ZLOCH, 2018 WL 7283265 (S.D. Fla. Jan. 23, 2018); *Tiffany (NJ), LLC v. Bijouxtiffany.cn*, No. 18-61605-CIV, 2018 WL 9848263 (S.D. Fla. July 19, 2018).

This Court should exercise its discretion and permit Plaintiffs to serve Defendants via email.

**II.     Service of Process on Defendants Does Not Violate an International Agreement**

As a threshold matter, Article 1 of the Hague Service Convention provides that it "shall not apply where the address of the person to be served with the document is not known." Hague Convention at art. 1. As explained above, the sole address which Plaintiffs possess for Defendant Ricci is incorrect. Plaintiffs do not even a possess a personal address for Bevilacqua. Thus, their addresses are unknown and no international agreement even applies. *See Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, *2 (S.D. Fla. April 29, 2010) ("the Hague Service Convention does not apply" where the addresses are "false, incomplete, or invalid"); *see also BP Prods N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("[T]he Hague Convention does not apply when a defendant's address is unknown."). In such a case, "[i]nternational law . . . does

5

not prohibit Plaintiff[s] from serving [Ricci and Bevilacqua] via email." *Zhixian*, 2010 WL 1740695 at *2.

Assuming the Hague Service Convention even applies (which it does not for the two individual Defendants), "[t]o determine whether an international agreement prohibits service via e-mail . . . against a defendant in . . . Italy . . .and Spain, the Court [should] examine the Hague [Service] Convention" itself. *adidas AG*, 2019 WL 7841807 at *2. "The Court need not address whether the proposed method of service violates the laws of [Spain or Italy] because as long as court-directed service is 'not prohibited by an international agreement,' such service may be accomplished 'in contravention of the laws of the foreign country.'" *Id*. at *4 n. 2 (S.D. Fla. May 23, 2019) (quoting *Zhixian*, 2010 WL 1740695 at *2).

Neither Spain nor Italy has "objected to the alternative means of service provided by [Article 10 of] the Hague Convention." *adidas AG*, 2019 WL 7841807 at *2; *see also* SoF at ¶ **[cites]**.[2] In such instances, courts across the country have held that the Hague Service Convention does not prohibit service by email. *See, e.g.*, *North Face Apparel Corp. v. Aothenorthface.com*, No. 19-cv-60952, 2019 WL 7708496, at *3 (S.D. Fla. April 30, 2019) ("service by e-mail or internet communication does not, therefore violate an international agreement."); *Lexmark Intern., Inc. v. Ink Tech. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("Various courts have agreed that service by email is not prohibited by the Hague Convention."); *Williams-Sonoma,*

---

[2] Regardless, even if they had, "that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail. . . ." *Id*; *see also Stat. Med. Dev.*, 2015 WL 5320947 at *3 ("This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention, i.e., an objection to service through 'postal channels' does not equate to an express objection to service via electronic mail."); *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, *3 (S.D.N.Y. Mar. 7, 2013) ("where a signatory nation has objected to only those means of service listed in Article 10, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article 10.").

*Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 WL 1140639, at *1-2 (N.D. Cal. Apr. 17, 2007) ("service by email is not prohibited by an international agreement.").

**III.     Service Via E-Mail Will Comport with the Requirements of Due Process**

Thus, the sole remaining question is whether service on Defendants via e-mail will "fulfill the requirements of due process under the United States Constitution." *adidas AG*, 2019 WL 7841807 at *3. "Constitutional due process requires only that service of process provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Zhixian*, 2010 WL 1740695 at *3.

Here, Plaintiff Marconi and Ricci have exchanged email communications whereby Ricci has communicated from laura.ricci2303@gmail.com. SoF at ¶ 5. UNIR and Bevilacqua have likewise exchanged email communications whereby Bevilacqua has communicated from Italiaequa@gmail.com. *Id*. at ¶ 6. None of the emails Marconi sent to Ricci and Bevilacqua have ever been returned as undeliverable. *Id*. at ¶ 7. Moreover, Ricci and Bevilacqua have expressed a willingness to be notified of legal matters via email in written agreements between them and a company related to Plaintiffs. *Id*. at ¶¶ 8, 9.

Under such circumstances, courts have long held that service by email is reasonably calculated to apprise Defendants of the action against them. *See, e.g. North Face Apparel Corp. v. Aothenorthface.com*, No. 19-cv-60952, 2019 WL 7708496, at *3 (S.D. Fla. April 30, 2019) (plaintiffs adequately demonstrated that emails that were not returned as undeliverable were likely to reach defendants via email); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687 (S.D. Fla. 2012) (where plaintiff's attorney had several email communications with defendant via email, "the Court is satisfied that service upon Truc via email is reasonably calculated to apprise Truc of the pendency of this action and afford an opportunity to present objections, satisfying due process.");

7

*Zhixian*, 2020 WL 1740695 at *3 (due process satisfied where emails did not bounce back); *U.S. Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617, 621 (S.D. Fla. 2011) (due process satisfied by email addresses recently used to send messages to customers); *Rio Properties*, 284 F.3d at 1017 (finding email service pursuant to Rule 4(f)(3) permissible and meeting due process standards where defendant indicated preference for email communication and where email was determined to be the method most likely to reach the defendant); *Lexmark*, 295 F.R.D. at 262 (finding email service satisfied due process where defendants hold themselves out as using those email addresses and plaintiff has communicated with the defendant through those email addresses).[3]

## CONCLUSION

Based on the foregoing points and authorities, Plaintiffs UNIR, LLC and Marconi International University, Inc. request that the Court enter an order pursuant to Federal Rule of Civil Procedure 4(f)(3) authorizing them to serve Defendants with process by sending copies of the Summonses and Complaint via email to the following email addresses:

For Defendant Laura Ricci: laura.ricci2303@gmail.com

For Defendant Renato Bevilacqua: italiaequa@gmail.com

For Defendant MIA Global Business School, S.L. d/b/a MIA Digital University (upon its President and CEO, Renato Bevilacqua): italiaequa@gmail.com

Dated: July 29, 2020                                    Respectfully submitted,

**SANCHEZ FISCHER LEVINE, LLP**
1200 Brickell Avenue, Ste. 750
Miami, Florida 33131
Tel.: (305) 925-9947

---

[3] Although it is not necessary to exhaust other methods first, Plaintiffs' prior failed attempts to use other means of service on Ricci further favors granting leave to effect alternate service under Rule 4(f)(3). SoF at ¶¶ 10-13.

By: */s/ Fausto Sanchez*
Fausto Sanchez, Esq.
Florida Bar No.: 86229
Email: fsanchez@sfl-law.com
Chad S. Purdie, Esq.
Florida Bar No.: 41965
Email: cpurdie@sfl-law.com
David M. Levine, Esq.
Florida Bar No. 84431
Email: dlevine@sfl-law.com

*Counsel for Plaintiffs*