## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

UNIR, LLC, a Florida limited liability
company, and MARCONI
INTERNATIONAL UNIVERSITY, INC.,                    Case No.: 1:20-cv-22508-JEM
a Florida corporation,

       Plaintiffs,

v.

LAURA RICCI, a foreign national,
MIA GLOBAL BUSINESS SCHOOL,
S.L. d/b/a MIA DIGITAL UNIVERSITY,
a foreign entity, and RENATO
BEVILACQUA, a foreign national,

       Defendants

_____

**PLAINTIFF MARCONI INTERNATIONAL UNIVERSITY, INC.'S
MOTION TO STRIKE THE UNTIMELY AFFIDAVITS OFLAURA RICCI AND
RENATO BEVILACQUA, OR IN THE ALTERNATIVE, FOR LEAVE TO CONDUCT
JURISDICTIONAL DISCOVERY, AND EXTENSION OF TIME TO RESPOND TO
DEFENDANT MIA GLOBAL BUSINESS SCHOOL, S.L. D/B/A MIA DIGITAL
UNIVERSITY'S MOTION TO DISMISS PENDING RULING ON THE OTHER RELIEF
SOUGHT IN THIS MOTION AND COMPLETION OF ANY DISOVERY
AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiff Marconi International University, Inc. ("Marconi") moves to strike the untimely

affidavits of Laura Ricci and Renato Bevilacqua, or in the alternative, for leave to conduct

jurisdictional discovery, and an extension of time to respond to Defendant MIA Global Business

School, S.L. d/b/a MIA Digital University's motion to dismiss for lack of personal jurisdiction

(the "Motion") [ECF No. 23] pending the Court's ruling on the other relief sought in this motion

and completion of any permitted discovery, and in support thereof state:

## INTRODUCTION

Defendant MIA Global Business School, S.L. d/b/a MIA Digital University ("MIA") filed two affidavits that appear – although Plaintiffs are not certain – to be in support of MIA's motion to dismiss for lack of personal jurisdiction.  MIA filed those affidavits two days after the court-ordered deadline to respond to the complaint and two days after MIA filed its motion to dismiss. What is more, the affidavits raise new issues and arguments that are not the basis of MIA's motion to dismiss.  As such, this Court should strike the affidavits as untimely and procedurally deficient.

Should this Court choose not to strike the affidavits, it should grant Marconi leave to conduct jurisdictional discovery that, at minimum, tests the truthfulness of the statements made in the affidavits and explores MIA's contacts with the State of Florida.  Indeed, this Court has very little discretion, if any, to deny such discovery if the affidavits remain in the record.

Accordingly, this Court should strike the affidavits or, in the alternative, grant leave to conduct jurisdictional discovery.  It should also extend the time for Plaintiffs to respond to MIA's motion to dismiss pending resolution of the other relief requested in this motion and completion of any permitted discovery.

## STATEMENT OF FACTS

1.      On June 18, 2020, Plaintiffs filed their complaint against Defendants Laura Ricci ("Ricci"), MIA Global Business School, S.L. d/b/a MIA Digital University ("MIA"), and Renato Bevilacqua ("Bevilacqua").  [ECF No. 1].

2.      Marconi alleges personal jurisdiction over MIA "pursuant to 48.131(1)(a), Florida Statutes, as [MIA]

        a.   Committed a tortious act within this state, and

       b.   Caused injury to persons or property within this state arising out of an act or omission by MIA outside this state, when, at the time of the injury, MIA was engaged in solicitation or service activities within this state."

[ECF No. 1, ¶ 11].

      3.     Marconi has sued MIA for violation of Florida's Deceptive and Unfair Trade Practices Act and for common law unfair competition. *Id*. at ¶¶ 71-97. The bases for those causes of action include, among other conduct, MIA's use of Marconi resources, intellectual property (including Marconi's trademark), and other materials to recruit prospective students away from Marconi and to MIA by deceiving students into believing they were registering with Marconi, when in fact, they were registering with, and paying registration fees to, MIA. *Id*. Marconi also alleged, with great specificity, the details of one such incident involving wire transfers from a student that was led to believe he was enrolling in Marconi, but was actually paying registration fees to MIA and enrolling in MIA. *Id*. at ¶¶ 76-79.

      4.     An unredacted copy of the Complaint, along with all its exhibits, was initially emailed to Defendants' counsel, Lauren Luck, on June 19, 2020. *See* email correspondence between F. Sanchez and L. Luck dated June 19, 2020, attached as Exhibit A.

      5.     The Complaint, along with all its exhibits, was served on MIA by email[1] on August 4, 2020. *See* [ECF No. 18-1]. An unredacted copy of the Complaint and exhibits was once again emailed to Defendants counsel, Lauren Luck, on August 6, 2020. *See* email correspondence between F. Sanchez and L. Luck dated August 4-6, 2020, attached as Exhibit B.

      6.     MIA's response to Plaintiffs' Complaint was originally due on August 25, 2020. That deadline was extended to September 14, 2020, pursuant to this Court's Order granting

---

[1]    Service was effectuated by email on all defendants pursuant to this Court's Order on Plaintiffs' *Ex Parte* Motion for Alternative Service of Process. [ECF No. 15].

Defendants' Unopposed Motion for Enlargement of Time to Respond to Complaint. [ECF No. 21]. MIA did not request an extension of its September 14, 2020 deadline from Plaintiffs' counsel, and more importantly, from this Court, prior to September 14, 2020.

7.    On September 14, 2020, MIA moved to dismiss the claims against it for lack of personal jurisdiction. [ECF No. 23].[2]

8.    MIA's motion, which was filed without a memorandum of law in violation of Local Rule 7.1(a)(1), nakedly asserts that it is "not engaging in business in Florida and [has] committed no acts here in Florida." *Id*. at ¶ 3.

9.    MIA also insists that "the [c]omplaint is completely devoid of any fact to support jurisdiction." *Id*. at ¶ 4, 6.

10.    MIA's motion attached no affidavit or any other form of evidence. *See* [ECF No. 23]. And beyond a passing reference to Ricci's ownership in MIA (*id.* at ¶ 6), does not even cite to any evidence.

11.    Two days later, **past the deadline to respond to the complaint**, MIA filed two affidavits which appear to be in support of its motion to dismiss – one from Ricci and the other from Bevilacqua (the latter purporting to be an affidavit of MIA). [ECF No. 25].

12.    In her affidavit, Ricci testifies that, while she was previously 50% owner of MIA, she does not hold any ownership in MIA since April 2020. *Id*. at 4, ¶ 4.

13.    Ricci also insists that MIA is "doing business only in Europe," that her consultant work for MIA is "unrelated to student recruitment or the admissions process" and is instead "to

---

[2]    Ricci has answered the complaint [ECF No. 22] and Bevilacqua has moved to dismiss in favor of arbitration [ECF No. 24].

establish external relations with Spanish companies and institutions" and "based in Europe." *Id*. at 4, ¶ 7.

14.     Finally, Ricci insists that she "do[es] not have contacts with Florida." *Id*. at 4, ¶ 8.

15.     For his part, Bevilacqua testifies that he is "the owner of 100% of the shares of [MIA]" and "reside[s] in Italy." *Id*. at 5, ¶¶ 4-5.  He states that MIA is "based in Barcelona and doing business in Europe." *Id*. at 5, ¶ 6.

16.     Bevilacqua insists that MIA "has no significant affiliations, branches, links, ties, activities, or partners in the United States and does not conduct business in the United States." *Id*. at 6, ¶ 8.  He does, however, admit that in January 2020, MIA's CEO visited the campus of San Ignacio University in Miami, Florida, and that the trip "did involve the conductance of business." *Id*. at 6, ¶ 9.

17.     Finally, Bevilacqua insists that MIA "does not represent a competition to Marconi since the services are not even offered in the same Country." *Id*. at 6, ¶ 11.

18.     Conceding that the affidavits were untimely, MIA filed a "Motion for Affidavits Deemed Filed on Agreed Order Deadline *Nunc Pro Tunc"* (the "Nunc Pro Tunc Motion") on September 25, 2020 – that is, **eleven days past the deadline to respond to the complaint and nine days after it unilaterally filed the affidavits.**  [ECF No. 26].

## <u>MEMORANDUM OF LAW</u>

**I.     This Court Should Strike the Affidavits of Defendant Ricci and Bevilacqua Because They Are Untimely and Add New Arguments Not Addressed in the Motion to Dismiss**

This Court should strike the affidavits of Ricci and Bevilacqua on several grounds.

### **A.     The Affidavits Were Filed Two Days After the Court-Ordered Deadline and Separate from the Motion to Dismiss**

"A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position." *Venetian*

*Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989). Pursuant to Rule 7(c)(2) of the Federal Rules of Civil Procedure, "[a]ny affidavit supporting a motion ***must be served with the motion***." FED. R. CIV. P. 7(c)(2) (emphasis added). Pursuant to the local rules of this District, "[a]ll materials in support of any motion, response, or reply, including affidavits and declarations, ***shall be served with the filing***." S.D. Fla. L. R. 7.1(c)(1) (emphasis added). As a result, untimely affidavits should be stricken from the record. *See Emery v. Allied Pilots Association*, No. 11-81123, 2012 WL 13134572, at *2, n.2 (S.D. Fla. Dec. 27, 2012).

MIA filed Ricci's and Bevilacqua's affidavits two days after they filed the motion to dismiss and two days after the court-ordered deadline of September 14, 2020 without first obtaining leave of Court to file them. Without such leave, a court may strike the affidavit as "procedurally deficient." *See Tambourine Comercio International S.A. v. Solowsky*, No. 06-20682, 2007 WL 9701037, *1 (S.D. Fla. Mar. 4, 2007). Moreover, MIA did not seek an extension of time to file the affidavits in advance of the expiration of the September 14th court-ordered deadline. Thus, any request for an extension to file the affidavits made *after* the September 14th deadline should be denied for failure to show good cause and excusable neglect. *See* FED R. CIV. P. 6(b)(1) ("the court may, ***for good cause***, extend the time . . . on a motion made after the time has expired if the party failed to act because of ***excusable neglect***.") (emphasis added).[3]

Here, MIA had more than 40 days since it was served on August 4, 2020 to execute, file, and serve its affidavits along with the motion to dismiss. *See* Ex. B. To make matters worse, MIA's counsel was in possession of Plaintiffs' complaint since June 19, 2020, a day after the complaint was filed, and nearly three months prior to the September 14th deadline. *See* Ex. A.

---

[3]   Recognizing that MIA's affidavits were untimely and leave of Court is required, MIA has since moved for leave to file their affidavits *nunc pro tunc*. [ECF No. 26]. Plaintiffs oppose that motion and their response is due on or before October 9, 2020.

**B.     The Affidavits Raise New, Additional Issues Not Included in the Motion to Dismiss**

Furthermore, where, as here, a defendant challenges personal jurisdiction, *Venetian Salami Co.*, 554 So.2d 499 is the seminal case that sets forth the procedure for the parties and Court to use.  It provides, in pertinent part,

> *Venetian Salami* also sets forth the procedures for the parties and the trial court to use when a defendant argues that the court lacks personal jurisdiction over the defendant. Initially, the plaintiff bears the burden of pleading a basis for jurisdiction under section 48.193. *Venetian Salami,* 554 So.2d at 502. The plaintiff may do so either by tracking the language of section 48.193 without pleading supporting facts, *id.,* or by alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193. *Washington Capital Corp. v. Milandco, Ltd.,* 695 So.2d 838, 841 (Fla. 4th DCA 1997). If the plaintiff meets this pleading requirement, the burden shifts to the defendant to file a legally sufficient affidavit or other sworn proof that contests the essential jurisdictional facts of the plaintiff's complaint.

*Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle*, 955 So.2d 598, 601-602 (Fla. 2d DCA 2007); *Ultra-Images, LLC v. American Entertainers, LLC,* 2006 WL 8432327 (S.D. Fla. 2006) (same).

Here, MIA's entire motion is predicated on attacking Plaintiffs' purported failure to *plead* a prima facie case of personal jurisdiction.  *See* [ECF No. 23 at ¶ 2] ("MIA . . . is not engaging in business in Florida and . . . committed no acts here in Florida.  COMPLAINT Paragraph 80.  All of the alleged acts are said to have occurred in Spain and Italy."); *Id*. at ¶ 4 ("The Complaint is completely devoid of any fact to support jurisdiction."); *Id*. at ¶ 6 ("The Court does not have to accept as true these unsupported allegations, especially where they are contradicted by other allegations in the complaint, namely Paragraph 80 which alleges MIA committed the acts in Spain and Italy."); *Id*. at ¶ 12 ("Plaintiff has failed to allege any facts, other than it [sic] barebones assertions that would show MIA is a proper defendant.").  Indeed, beyond a passing reference to Ricci's affidavit solely with respect to her ownership in MIA (which, on its face, has nothing to do with challenging personal jurisdiction), MIA does not cite to, much less alternatively argue,

that even if Plaintiffs plead a prima facie case of the Court's personal jurisdiction[4], MIA's sworn proof contests the essential jurisdictional facts of Plaintiffs' complaint. *See* [ECF No. 23].

Thus, MIA's untimely affidavits raise an entirely new argument to its motion that was not raised originally – namely, an evidentiary challenge to this Court's personal jurisdiction. When a supplemental filing raises new arguments to a motion to dismiss, without leave, the Court is well within its discretion to strike it. *See, e.g., Tambourine*, 2007 WL 9701037 at *1 ("As it is now, the Supplemental Memorandum, without leave of Court, adds a whole host of new issues and legal arguments why the Motion to Dismiss should be granted . . . Second, more substantively the Supplemental Memorandum adds legal arguments to the pending Motion to Dismiss that were not originally raised in the Motion. They are thus not supplemental but instead additional, which runs afoul of Fed. R. Civ. P. 12(g) and (h). Again, only by filing a motion for leave can a party seek to do so while the original Motion is pending, which the Court has discretion to grant or deny based upon several considerations.").

For all these reasons, this Court should strike the affidavits.

## II.    Alternatively, the Court Should Grant Plaintiffs Leave to Conduct Jurisdictional Discovery

Should the Court not strike the untimely affidavits, it should permit Plaintiffs to conduct limited jurisdictional discovery for a period of at least 60 days.

As the Eleventh Circuit has noted, this Court may order "the discovery of facts necessary to ascertain [its] competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) (citations omitted). "[S]uch discovery is not entirely discretionary." *Id*.

---

[4]    Needless to say, Plaintiffs plead a prima facie case for personal jurisdiction sufficient to transfer the burden to MIA to provide sworn proof to contest Plaintiffs' jurisdictional facts. *Cf.* Compl. ¶ 11 with *Ultra-Images,* 2006 WL 8432327, at * 3 ("The proper inquiry is to first determine whether Plaintiff states a prima facie case ***either by tracking the language of the statute*** or by alleging facts within the ambit of the same.") (internal citations omitted and emphasis added)).

Said differently, "a court does not have discretion to grant or deny a request for jurisdictional discovery when jurisdictional facts are in dispute." *Id*. at 727 n. 7 (internal brackets omitted). Indeed, a plaintiff "must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction," as "the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction." *Id*. at 731 (internal quotation marks and citations omitted). *See also Diamond Chem Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.").

"The decision to allow jurisdictional discovery is a product of the timing and nature of the jurisdictional discovery request." *Inman v. American Paramount Financial*, No. 10-80393, 2010 WL 11561202, *3 (S.D. Fla. July 7, 2010) (permitting jurisdictional discovery where plaintiffs filed their motion for leave to conduct discovery prior to ruling on the motion to dismiss and less than a motion after the motion to dismiss was filed); *see also Elardi v. I.S. Makinen OY*, No. 19-22229, 2019 WL 6003210, *3 (S.D. Fla. Nov. 14, 2019) (permitting jurisdictional discovery where the plaintiff requested discovery through a formal motion prior to responding to the motion to dismiss). Given that (1) MIA filed its motion to dismiss just two weeks ago, (2) MIA filed the affidavits in support of its motion to dismiss less than two weeks ago, and (3) this Court has yet to rule on the motion to dismiss, Marconi's request for jurisdictional discovery is entirely timely.

As for the nature of the discovery, "jurisdictional discovery is not a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction." *Grimes v. Young Life, Inc.*, 2016 WL 11531540, *3 (M.D. Fla. May 2, 2016) (internal quotation marks and italics omitted). Plaintiffs seek to conduct narrowly tailored jurisdictional discovery in the form of requests for production, requests for admissions, interrogatories, and depositions of Ricci,

MIA's corporate representative, Bevilacqua, and MIA's CEO referenced in Bevilacqua's affidavit

(to the extent he/she is not Ricci, Bevilacqua, or the person designated as MIA's corporate

representative).  The discovery requests will be regarding the following items and issues:

- All issues raised in Ricci's and Bevilacqua's affidavits filed in this case
- All arguments made in MIA's motion to dismiss
- MIA's[5] licensing and/or accreditation, or efforts to obtain same, in the State of Florida or the United States
- MIA's communications with licensing and/or accreditation agencies in the United States
- MIA online courses available to U.S.-based students.
- MIA's incorporation and formation
- MIA's business dealings in the U.S.
- MIA's solicitation efforts and services in Florida
- MIA's "missions and activities," as referenced in Bevilacqua's affidavit.
- MIA's students based in the United States
- MIA's marketing and recruitment efforts in the United States
- MIA's student recruitment efforts that mentioned Marconi and/or UNIR
- MIA's student recruit efforts in the United States
- MIA's CEO's visit to the campus of San Ignacio University in Miami in January 2020
- MIA's contracts and/or business relationships with U.S.-based entities or individuals
- Offices or real estate located in Florida and used or controlled by MIA.
- U.S.-based payments received by MIA
- MIA's use of the U.S. banking system to conduct its activities
- Forms, certificates, and other documents used by MIA bearing Marconi's letterhead and/or trademark.
- MIA's use of the Marconi trademark
- MIA's trips to Florida
- MIA's use of other persons and/or corporate entities to conduct its activities in Florida
- All MIA-related entities engaging in activities in Florida and the nature of those activities
- All non-privileged discussions related to Marconi and/or UNIR (and their respective agents)
- The materials MIA has used to recruit students, and the circumstances surrounding the creation, and use of, same
- MIA's communications with prospective students

---

[5]     "MIA" includes any MIA predecessors or successors in interest, and any directors, officers, employees, agents, attorneys, representatives, or other persons acting, or purporting to act, on MIA's or its predecessors' or successors' behalf.

- The geographic areas in which MIA engages its business, provides services, and recruits students
- Communications between MIA and Ricci (or a Ricci-related, Florida-based entity), either internally or otherwise
- Communications between MIA and Bevilacqua (or a Bevilacqua-related, Florida-based entity), either internally or otherwise
- The role Ricci and Bevilacqua have played in creating and operating MIA, and the time periods in which such activities occurred
- Ricci and Bevilacqua's relationship with MIA
- The relationship between Florida-based entities controlled and/or managed by Ricci and/or Bevilacqua and MIA
- The resources used to create and operate MIA

As explained above, Marconi has alleged that this Court has personal jurisdiction over MIA given that MIA both (1) committed a tortious act within Florida and (2) caused injury to persons or property within this state arising out of an act or omission by MIA outside this state, when at the time of the injury, MIA was engaged in the solicitation or services activities within this state. [ECF No. 1, ¶ 11].  Moreover, Marconi has specifically alleged in the complaint that "Ricci and MIA utilized Marconi resources, trade secrets, intellectual property, and other materials to recruit prospective students away from Marconi and to MIA by deceiving students into believing they were registering with, and paying registration fees to, MIA." *Id*. at ¶ 30.  They also "falsely represented [MIA] as associated with Marconi, even going so far as to use Marconi's letterhead and trademark, as well as providing Certificates of Completion that included Marconi's trademark." *Id*. at ¶¶ 2, 30-36.  All of the above-listed topics are reasonably calculated to lead to the discovery of admissible evidence as to the bases and facts that Marconi has pled in support of of personal jurisdiction over MIA.

### III.   The Court Should Extend the Time for Marconi to Respond to MIA's Motion to Dismiss Pending Ruling on the Other Relief Sought in this Motion and Completion of Any Discovery

Finally, given that the resolution of the aforementioned relief will affect Plaintiffs' response to MIA's motion to dismiss, including what they are required to respond to, the burden

of proof and what Plaintiffs must show in respect of same, and the substance of such a response, Plaintiffs request an extension of time until 14 days after the Court issues an order on this motion or 14 days after the completion of any permitted discovery, whichever is later, in order to respond to MIA's motion to dismiss.  *See* FED R. CIV. P. 6(b)(1) ("the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires").

## CONCLUSION

Based on the foregoing points and authorities, Plaintiff Marconi International University, Inc. requests that the Court enter an order striking the affidavits of Laura Ricci and Renato Bevilacqua, or in the alternative, granting Marconi leave to conduct jurisdictional discovery for a period of 60 days, and extending the time for Marconi to respond to Defendant MIA Global Business School, S.L. d/b/a MIA Digital University's motion to dismiss for lack of personal jurisdiction [ECF No. 23] pending ruling on the other relief sought in this motion and the completion of any permitted discovery.

## LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

In accordance with Local Rule 7.1(a)(3), the undersigned counsel for Plaintiffs UNIR, LLC and Marconi International University, Inc. certifies that he conferred via email with counsel for Defendant MIA Global Business School, S.L. ("MIA"), who stated that MIA opposes Plaintiffs' Motion to Strike the affidavits of Laura Ricci and Renato Bevilacqua.  Moreover, the undersigned certifies that he also attempted to confer via email on four separate occasions with counsel for MIA regarding Plaintiffs' request for jurisdictional discovery and related extension of time, however, counsel for MIA failed to provide a response to the undersigned's conferral request.

By: */s/ Fausto Sanchez*_____
Fausto Sanchez, Esq.

12

Dated: September 28, 2020                    Respectfully submitted,

                                             **SANCHEZ FISCHER LEVINE, LLP**
                                             1200 Brickell Avenue, Ste. 750
                                             Miami, Florida 33131
                                             Tel.: (305) 925-9947

                                             By: */s/ Fausto Sanchez*
                                             Fausto Sanchez, Esq.
                                             Florida Bar No.: 86229
                                             Email: fsanchez@sfl-law.com
                                             David M. Levine, Esq.
                                             Florida Bar No. 84431
                                             Email: dlevine@sfl-law.com
                                             Chad S. Purdie, Esq.
                                             Florida Bar No.: 41965
                                             Email: cpurdie@sfl-law.com

                                             *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 28, 2020, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via electronic transmission of Notices of Electronic Filing generated by CM/ECF.

                                             By: */s/ Fausto Sanchez*
                                             Fausto Sanchez, Esq.